Tayiok, Judge,
delivered the opinion of the Court:
There are no expressions in the will from which an inference can be drawn, that the testator intended the division should be per stirpes : on the contrary, he uses the word “equally,” which plainly excludes such a construction.* But independently of this, there are some cases which bear directly in point on the general principle, and which cannot be distinguished from the case at bar. A. devised his freehold estates to trustees in trust, to sell and divide the money equally between R. S, J. S, and the children of M. P. M. P. had three children living at' A’s death, and the question was, Whether the children should take per stirpes, in which case the money would *385 be divisible into three parts, to one of winch the children would be entitled,- or whether they should take per capi-to, in which event the fund wbuld be divided into five parts, and each of the children be entitled to a share in its own right. The Chancellor decreed that the distribution was to be made per capita.* In the case cited, the word “ children” is used, in which respect alone it differs from the case before us : but that is a mere verbal difference, which makes none in principle or the rule of adjudication. For the word “ heirs” has been considered synonimous with “ children,” where there are any competent to take as such $† and when applied by testament to personal property, must be understood to mean “ next of kin,” as they are the only persons de-signáted by law to sccceed to that kirtd of estate‡ The other authorities which relate to the principal point are, Blackler v. Webb, 2 P. Wms. 383; Weld v. Bradbury, 2 Vern. 705; Northey v. Strange, 1 P. Wms. 340; Wicker v. Mitford, Harg. Law Tracis 513. An idea was adopted in the argument of this cause, that the statute of distributions must be resorted to, in order to fix the construction of the will; but there is no authority for such a position.' It is true, that the statute of distributions, does, in many cases, furnish the rule as to the object of the bequest, whereby we are enabled to ascertain who shall take under the designation used in the testament j but the proportion in which they shall take, must necessarily be established from a just construction of the will. We are of opinion, that the distribution must be made per capita, and consequently, that each of the petitioners must share equally with the other legatees.
*386 Lowrir, Judges
contra. — Obliged, as I am, to differ in opinion from my brethren, it affords me great consolation that if I should be wrong, my opinion in this case will not change the law, nog. alter the decision of the Courts. The rule of law, in all cases of this kind, is founded in good sense : it is that all wills must have an interpretation as" near to the mind and intent of the testator as may be. “ ({aod ultima voluntas teslaloris per im-plcnda est, secundum veram intentionem.” Such construction shall be made of the words of the testator as will satisfy the intention when consistent with the rules of law, and they shall be placed in such order that the intention may be fulfilled. So auxious arc Courts of Justice to arrive at the intention of testators in all cases, that they have sometimes, in cases of ambiguity, travelled out of the will in search of facts, from the knowledge of which they might the better be enabled to arrive at the intention of the maker. No case can be found in which the intention of the testator has not governed the decision of the Court, where that intention could be discovered, and the decision, in conformity thereto, could he made without contravening any known rule of law.
In the case before us, the testator gives the residue of his estate “to be equally divided between Hugh Pritch-ard, Benjamin Pritchard, Lydia Taylor, Elizabeth Whitehurst’s heirs, and Jeremiah Bright.” I am here obliged to understand the testator as speaking of the heirs of Elizabeth Whitehurst, as representing her in his mind, and in justice entitled only to such part of the residue of his estate, as Elizabeth, had she been living, would have been entitled to : that is, to as much as was devised to Hugh Pritchard, or any other of the legatees. Had he not intended then to stand in the place of their mother, he certainly would have named them individually, as she did the other legatees. Had Elizabeth Whitehurst been living, he would, in all probability, have devised to her as much, and no more, thaa he gave to Lydia Taylor.
*387 As far as I have been able to understand tlie reasons upon which the decision of the Court in this case lias gone, they are grounded upon the case of Blacker v. Webb and others, 2 P. Wms. 383, and the case of Thomas v. Hole, Cas. Temp. Talb. 251. In the case of Blacker v. Webb, the devise was “ of the surplus of the testator’s personal estate, equally, to his son James, to his son Peter’s children, to his daughter Traverse, and to his daughter Webb’s children, and his daughter Man. In this case, the Lor^l Chancellor at first inclined to the opinion that the grandchildren should take per stirpes only; and the reason why he did not finally so decide, is given in his own words : “ That the grandchildren could not take according to the statute, or in allusion thereto, for as much as the testator’s daughter Webb was living, and so her children could not represent her.” The Lord Chancellor indeed added, that to decree the grandchildren should take per stirpes, would be going too much out of the words of the will, and where, too, the meaning of the testator might be according to the words! It also appeared in this case, that the husband of Mrs. Webb was very poor, and had been twice a bankrupt: that from tho words of the will it appeared the testator did not intend Mrs. Webb to have the benefit of the devise, and it might be reasonably supposed the testator intended a provision for bis grandchildren, such as their parents were unable to majke for them. But in this case, the Lord Chancellor was governed by the intention of the testator, as far as the same was consistent with the rules of Law, and could be collected from tile words of the will, and all the circumstances of the parlies concerned. In tho case before the Court, neither of the circumstances that finally governed the decision of the Lord Chancellor, exist. The father here does not appear to have been in indigent circumstances and unable to provide for his children, and the mother was dead, so that they could represent her, and could well take in allusion to the statute of distributions.
*388 The case of Thomas v. Hole, was a devise of five hundred pounds “ to the relations of Elizabeth Hole, to bo divided equally between them.” Mrs. Hole, at the death of the testator, had two brothers living, and several nephews and nieces by other brothers. It was determined, first, that no relations but such as would be entitled under the statute of distributions could take under the devise : and secondly, that on account of the words “equally to be divided between them,” they should take per capita. I am unable to see any bearing that this case can have upon the one before the Court. The words “ relations” is so general in its meaning, that nothing certain respecting ,the testator’s intention as to what relations should lake, could be inferred merely from the words of the will.' In such cases, the statute of distributions is the best guide, and the Court adopted it to ascertain who should take under the word “ relations.” It having been ascertained who wore such relations as were entitled to take under the devise, the word “equally,” governed the Court in decreeing that they should take per capita. In making such decision, the Court arrived at the most probable intention of the testator, lie having used an expression which proved that each relation of Elizabeth Hole answering the legal description contained in the devise, was equally an object of his bounty. All the persons whom the testator intended to take under this devise, were described or designated by the word “ relations •” the distribution was to be “ equal:” as soon, therefore, as the devisees were ascertained, by the rule adopted by the Court, the mode of distribution was certain and imperious.
The words “ heirs of Elizabeth Whitehurst,” arc hero used as “ descriptio personce,” and who the testator most evidently meant should take collectively ; and the devise ought to take effect in that sense. There are no words in the will informing us that the word “ heirs” is used in any other than a descriptive and collective sense, and in that sense it must be taken. The whole of the heirs of *389 Elizabeth Whitehurst, agreeably to any fair grammatical construction of the words, constitute but one devisee in relation to the words “ equally divided,” and as such are entitled to take one fifth part of the residue devised, and no more. 1 am therefore of opinion, that the judgment of the County Court was correct, and ought to be affirmed.

 Thomas v. Ifole—Cases Temp. Tal. 251.

 Butler v. Stratton, 3 Bro. Ch. Cases, 36-

 Loveday v. Hopkins, Amb. 273.

 5 Ves. jun. 399.